**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Todd Burch, ) | CV 11-02309-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| National Credit Union Administration in its capacity as conservator for AEA Federal Credit Union, ) |  |
| Defendant. ) |  |

We have before us defendant's motion for a temporary restraining order and a preliminary injunction (doc. 16) and plaintiff's response (doc. 19).

This action arises from loans that plaintiff secured from AEA Federal Credit Union ("AEA") to finance a number of condominium projects. The National Credit Union Administration ("NCUA") assumed control of AEA's operations on December 17, 2010 and placed AEA into a conservatorship. Plaintiff originally filed an action in the Superior Court of Arizona in Yuma County asserting three claims for relief: (1) fraudulent misrepresentation; (2) breach of implied covenant of good faith and fair dealing (tortious breach of contract); and (3) defamation. The Superior Court granted the NCUA's motion to substitute as the real party in interest for AEA. Defendant subsequently removed to this court.

On February 1, 2012, plaintiff recorded three notices of lis pendens referencing this

action. The next day, AEA acquired these properties at a trustee's sale. Defendant filed a counterclaim on March 1, 2012, asserting two counts: (1) temporary and preliminary injunction requiring plaintiff to immediately release the lis pendenses and refrain from recording similar documents; and (2) an award of treble damages under A.R.S. § 33-420(A) for the filing of the lis pendenses (doc. 15). It contemporaneously filed a motion for a TRO and preliminary injunction, asking that we require plaintiff to immediately release the lis pendenses (doc. 16).

Plaintiff's response indicates that he recorded releases for all three lis pendenses at issue on February 27, 2012. Plaintiff attached copies of the recorded releases. See Response at 6-22. Because defendant has already received the relief sought in its motion for TRO and preliminary injunction (indeed, the releases were recorded even before defendant filed this motion), the motion is now moot. We cannot require plaintiff to do something that he has already done.

Accordingly, **IT IS ORDERED DENYING** defendant's motion for a temporary restraining order and a preliminary injunction on grounds of mootness (doc. 16).

DATED this 6th day of March, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge